PLATTE COUNTY vs. MARSHALL, GREENE & BURNS.

1. It is not necessary to the validity of records of Courts in this State, that they should be signed by the Judge.

2. It is improper to exclude evidence tending to establish a fact material to the issue, although it may not be sufficient of itself to establish such defence.

ERROR to Platte Circuit Court.

HAYDEN, *for Plaintiff in Error, insists :*

1st. That the Court erred in rejecting each, all and every of the proofs which plaintiff proposed to give to the jury upon the trial of the cause.

2nd. That the Court erred in refusing to set aside the non suit, and to grant the plaintiff a new trial upon his motion therefor.

HICKMAN, *for Defendants in Error, insists:*

That the evidence offered by the plaintiff was properly excluded :—

1st. Because there was no record of the proceedings ; the entries on the record book not having been signed by the presiding Justice.

2nd. Because the warrant was admitted by the special plea, and its introduction was, therefore, not necessary.

3rd. The alleged "settlement" did not show that there was any money in the County Treasury applicable to the payment of the warrant. A settlement showing a balance on the 3rd of July, does not prove a balance in the Treasury on the 2nd of July, for the money might have been paid into the Treasury after the presentation of the warrant.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of debt brought against Fred. Marshall and his sureties on his bond as County Treasurer for Platte County. The breach alleged was the non payment of a County warrant, duly presented, when there were monies in the Treasury applicable to its payment. The pleas were *non est factum*, with notice of special matter, *nil debit*, and a special plea, denying that there was any money in the Treasury subject to the payment of the warrant. This plea concluded with a verification. The second plea was ruled out on demurrer, and a special demurrer to the third plea was overruled.

On the trial the plaintiff offered to read in evidence an order of the County Court of Platte County, made on the 2nd July, 1844, allowing J. H. Johnson for his services as Clerk of the County Court the sum of $78, and directing a warrant on the County Treasurer to issue therefor, which was rejected by the Court on the ground that the record for the day on which said record was made was not signed by the president of the Court.

The plaintiff then offered to read to the jury the warrant issued in pursuance of the above order, and the endorsement thereon made by

Marshall the Treasurer, when it was presented, stating that there was no money in the Treasury, and bearing date 2nd of July, 1844. This evidence was also excluded on the ground above stated.

The plaintiff then offered to read from the records of the County Court, a settlement made by the Court with Marshall as Treasurer during the same term on the 3rd of July, 1844, showing a balance in the Treasury of $178 of the fund on which the warrant was drawn, and that for more than a month previous thereto none of that fund had been paid out. This was also ruled out. The plaintiff thereupon took a non suit, and has brought the case here.

In support of the judgment it is contended that the record of the order allowing the account, and directing a warrant to issue therefor, was properly excluded; that the warrant was admitted by the state of the pleadings, and that the settlement made with the Treasurer on the 3rd July, showing at that time $178 in his hands subject to the warrant, was no evidence that there was money in the Treasury on the day preceding.

With regard to the first point it may be remarked, that our statute does not require the records to be signed by the Judge. It enacts that full entries of the orders and proceedings of all Courts of record of each day shall be read in open Court on the morning of the succeeding day, except on the last day of the term, when the minutes shall be read and signed by the Judge at the rise of the Court. We know it is the practice, and it is a commendable one, to sign the records, and we hope it will be persisted in. But even had the signature of the Judge to the record been required, we are not prepared to say that a failure to make it would have rendered the record of no validity, unless it had been so expressly declared. Such a provision would only be considered as directory; obligatory on the officer, and subjecting him to animadversion for neglect to comply with it; but to hold that a failure to execute it would deprive the record of all legal efficacy, would be productive of the most injurious consequences. The entire absence in the certificate of authentication of a record, of all allusion to the fact of its being signed by the Judge of the Court to which it appertains, is some evidence of the professional opinion on this subject. The statute concerning the practice of law in the State of Ohio, expressly directed that the records of the Courts should be signed by the presiding Judge, and yet it was held under it, that the signature of the presiding Judge added no validity to a record, and the record itself would be evidence, or an exemplification might be sent abroad and used without such signature. Osborn vs. State, 7 Ohio Rep. In Kentucky, in the case of The Commonwealth

vs. B. S. Chambers, (1 J. J. Marshall,) it was said, the business transacted by the Court is stated in the minute book in short notes, and these are written out in the order book or record proper at full length, as the clerk has time. When so written out and signed by the Judge, they constitute the proper records of the Court, and until signed by the Judge they cannot with propriety be considered the record. This was said in a direct proceeding against a clerk for a misdemeanor in office, growing out of an abuse of his records, and not in a controversy between parties whose rights had once been litigated in a Court, and the evidence of which had been spread upon its records. A statute, too, in Kentucky, makes a signature essential to the validity of the minutes of a Court. Swig. Dig. 370.

The state of the pleadings admitted the existence of the warrant, and it was not necessary to go behind it and show the order directing it to be issued.

The evidence of the settlement on the 3rd July was admissible. It might not have been conclusive of itself, but it was a link in the chain of proof, and with very slight circumstances might have established the fact that there was money in the Treasury on the 2nd July. It has been repeatedly decided by this Court, that it is error to reject evidence proper to establish a claim or defence, but not of itself sufficient for that purpose, although at the time no disclosure is made by counsel of an intention to prove the additional facts necessary to establish the claim or defence.

The other Judges concurring, the judgment is reversed, and the cause remanded.