WILLIAM H. SEARS, Defendant in Error, *v.* J. K. WALL AND A. RENEAU, Plaintiffs in Error.

1. *Instructions must be taken as a whole.*— The fact that isolated instructions are partial or misleading will not authorize a reversal where the instructions taken as a whole present the case properly.

*Error to Buchanan Circuit Court.*

*Strong & Chandler*, for plaintiffs in error.

*Woodson, Vinyard & Young*, and *Fred. Van Waters*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding under the statute for the claim and delivery of personal property, wherein the plaintiff asked for the possession of, and claimed title in himself to, two horses. Upon the filing of the necessary bond they were duly delivered to him; and on the trial, under the evidence and instructions, they were adjudged to be his. Plaintiff acquired title to the property under an agreement with the defendants, by which he sold to them the contents of an ice-house supposed to contain 375 tons. Defendant agreed to pay $800 for the same; the horses in controversy to be taken at $435, and the remainder to be paid in cash. The plaintiff agreed that if he failed to deliver all the ice, he would forfeit all claims due him; and that he would drive, feed and keep the horses in good order at his own expense. The horses were placed in the plaintiff's possession, and remained there until they were illusively obtained by the defendants. Whether the contract was carried out and the ice delivered in accordance with its terms, was a question of fact, and the jury found in the affirmative.

If the instructions fairly expounded the law and were not calculated to mislead, then the judgment must be affirmed. The third and fourth instructions given for the plaintiff were not necessary, but they were harmless.

There was no warranty contained in the agreement as to the quality of the ice, and no covenant against loss by shrinkage. The ice was sold as it was packed in the house, and seems to have been of the average quality put up that year.

The first instruction given at the instance of the plaintiff is not erroneous, as supposed, because it tells the jury to find for the plaintiff if they believe from the evidence that the horses were his. For it is connected with and immediately followed up by a further instruction which asserts that if the defendants delivered the horses to the plaintiff in part payment of the $800 mentioned in the contract, then the horses were his, provided he delivered all the ice in the ice-house, with the exception of some which the evidence showed that the defendants had used or authorized to be used. When taken together the declarations are unobjectionable.

But the first instruction which was offered by the defendants and given by the court, places the case in a clear and unexceptionable light. It tells the jury that if they believe from the evidence that the defendants placed the horses in the custody of the plaintiff for the specific purpose of using them to deliver the ice, and that the horses were to become the property of the plaintiff when the ice was sold and delivered, then the plaintiff held the horses as bailee of defendants during the pending of the sale and the delivering of the ice, and the defendants were only divested of their title in the horses on the fulfillment of the contract; and if plaintiff did not fulfill his contract, then he had no right to the horses or the possession thereof. Plainly, under this instruction the jury found that the plaintiff had fully complied with his contract and delivered the ice. The two instructions given by the court at its own instance were equally explicit and favorable to the defendants. The first directed the jury to find for the defendants unless they believed that the plaintiff sold and delivered all the ice, with the exception of what was used by the defendants and by persons acting under their authority; and the second declared that under the terms of the contract read in evidence, the relation of principal and agent was created between plaintiff and defendants, and plaintiff was bound in good faith to use ordinary care and diligence in the handling, sale and delivery of the defendants' ice, and properly account for all money for the sale of the same. It surely cannot be said that these instructions were not sufficiently favorable to the defendants. They covered the entire case and every issue that was raised in the case. Some of the defendants' instructions refused were wholly

irrelevant and objectionable, and the others were unnecessary. The principal questions are simply of fact. The law was not only fairly but favorably declared for the defendants; the case was well tried, and the prosecution in this court is entirely destitute of merit.

Judgment affirmed. Judge Bliss concurs. Judge Adams absent.