GEORGE K. BUDD, *et al.*, Respondent, *vs.* ISAAC HOFFHEIMER, Appellant.

PER CURIAM, JUDGE EWING, DISSENTING.

1. *Practice, civil, trials—Pleadings—Evidence—Instructions.*—If the evidence shows a different state of facts from those contained in the pleadings, and a party to the suit desires instructions in accordance with those facts, he must first amend his pleadings by leave of court.

2. *Practice, civil, trials—Instructions, not covering all the issues.*—An instruction, calling for a verdict yet not covering all the issues in the case, is objectionable, unless cured by other instructions.

3. *Practice, civil, trials—Instructions—Amount of verdict.*—When a party sues under a contract for the amount of compensation fixed by the contract, an instruction that the verdict be for that amount, if the jury find for the plaintiff, is correct.

4. *Practice, civil, trials—Evidence—Links in the chain of testimony.*—Evidence that may form a link in the chain of testimony should be admitted, though not sufficient in itself to establish the defense, and although no disclosure is made at the time of an intention to prove the additional facts to establish the defense.

5. *Practice, civil, trials—Evidence, conflicting—Admissible testimony rejected—New trials.*—When in a case where the evidence is conflicting, the court excludes admissible testimony, but afterwards upon re-assembling after a recess, decides to admit it, but the witness does not appear, and it does not appear that the party had any opportunity to supply this testimony, the motion for a new trial should be granted.

*Appeal from St. Louis Circuit Court.*

*Slayback & Heaussler*, for Appellant.

I. Evidence that may be a link in a chain of testimony, should not be excluded, although such evidence may not be sufficient of itself to establish such defense. (Platt Co. vs. Marshall, 10 Mo., 345 ; Lane vs. Kingsberry, 11 Mo., 402.)

II. Although the courts will not interfere with the verdicts of juries on the ground that they are against the weight of evidence, yet, when hard cases appear to rise under the operation of this rule, it must be satisfied that the instructions are entirely unexceptionable. (Carrol vs. Paul, 16 Mo., 226.)

III. Instructions which cover the whole case ought to be so framed as to meet the points raised by the evidence and pleadings on both sides. (Fitzgerald vs. Hayward, 50 Mo., 516.)

A jury is not obliged to take a judge's view of the evidence. Carrol vs. Paul, 16.Mo., 242.

Instructions must be so given, as substantially to embrace the whole point of the case presented, though this need not be in the words asked. (44 Mo., 91; 26 Mo., 523; 6 Mo., 267–279; 27 Mo., 26–55–70.)

Where there is the least evidence direct or inferential to support an issue, it is error to refuse instructions submitting the question raised to the jury; and it is equally erroneous to give instructions which withdraw such a point from the consideration of the jury, or which assume the facts to be proved. (34 Mo., 98, 461; 18 Mo., 170–171; 24 Mo., 223; 42 Mo., 60; 19 Mo., 360; 13 Mo., 80; 5 Mo., 110; 6 Mo., 64; 16 Mo., 496; Mead vs. Brotherton, 30 Mo., 201; Kinman vs. Cannefax, 34 Mo., 147; Bradford vs. Pearson, 12 Mo., 71; Flournoy vs. Andrews, 5 Mo., 513.)

*Wm. B. Thompson*, for Respondents.

VORIES, Judge, delivered the opinion of the court.

· This action was brought in the St. Louis Circuit Court by respondents, who it seems were brokers and followed the business of procuring loans of money for such persons as applied to them for said purpose, for a commission to be paid therefor.

It is charged in the petition, that on the 8th of April, 1869, the appellant by a writing filed with the petition, contracted with the respondent to procure for him, $20,000 on the real estate of appellant, situate on Main and Second Streets in the City of St. Louis, upon which was situate at the time a three and one-half story brick distillery, &c., also another lot of ground named in the petition; that the appellant by said agreement agreed to pay respondents for procuring said loan a commission of ten per cent. on said sum of $20,000; that by said agreement appellant contracted to pay said commission of ten per cent. on said sum of $20,000, if from any circumstances the money was not taken by him within three days after he had been notified by the respondents that the loan was granted; that appellant was notified that said loan had been granted on his said application upon the property offered by said

appellant as security therefor, and upon the terms agreed on; that appellant did not take said loan of $20,000 in the time agreed on; that he took and received $2,500 of said sum and paid the commission therefor, but then refused to take any further sum thereof, and has never taken the same nor paid the commission therefor; that the sum of $1,750 is due the respondents therefor, for which judgment is asked.

The defendant in his answer admitted that he had signed or executed the paper filed with the petition, but he denied that he by such paper contracted or agreed with the plaintiff to procure for him said sum of money on the real estate named in the petition, or that the said paper had in writing in the body thereof the provisions in reference thereto, as it now appears, when he signed the same; he denied all of the other material allegations in the petition, except that he never did receive said loan or money.

The answer then states the facts to be, that on or about the 8th day of April, 1869, he desired to make a loan for $5,000 upon some property he owned on Chouteau Avenue in the City of St. Louis, and applied to one J. Hartman (who negotiated loans) for a loan of said sum; that said Hartman agreed to obtain said loan for the usual commissions, that at said time he informed said Hartman, that he might purchase the property set out in plaintiffs' petition, situate on Main and Second Streets, and upon which the distillery was situated, and that if he should make said purchase he would like to obtain a loan of $20,000 on the property so to be purchased; that Hartman then requested defendant to sign the papers filed with plaintiffs' petition; that the said papers were then in blanks in their printed form, not filled up with any writing as at present, and that he had a distinct understanding with Hartman before signing the papers, that he did not own the property on Main and Second Streets, and did not want and would not take said loan of $20,000, unless he made a purchase of said property, which he avers that he never did, and therefore never desired said loan.

The answer further states that the defendant afterwards

made an arrangement by which he procured the loan of five thousand dollars referred to, by giving as security a lien on property in addition to the property first named on Chouteau Avenue, and that the loan so obtained is what plaintiff refers to as being an acceptance of $2,500 of said sum of $20,000: that defendant never purchased the said property on Main Street; that no loan was ever made to him, nor was any loan offered to him as set up in the petition, nor was his agreement filed with the petition ever to have any force or effect until he did make such purchase; that the said plaintiffs were fully aware and informed of the agreement between defendant and Hartman when they received said contract or paper filed with their petition, and well knew that defendant signed the same in blank, &c.

The plaintiffs and respondents filed a replication, denying in general terms the affirmative allegations set up in the answer. A trial was had in the Circuit Court, where the respondents recovered a judgment for the full amount of the demand in their petition. The defendant filed a motion for new trial, which being overruled he excepted and appealed to the court at General Term where the judgment at Special Term was affirmed, and from which appellant appealed to this court.

The bill of exceptions shows that the evidence on the trial was conflicting. The testimony of one of the plaintiffs and Hartman, their witness, tending to prove the allegations of plaintiff's petition, while the evidence of appellant and Campbell, his witness, tended to prove the facts constituting the defendant's defense and to disprove and contradict the evidence on the part of the plaintiff.

The defendant, while he was cross-examining the witness Hartman (who was introduced by plaintiffs and was the active agent in procuring the contract sued on), asked said witness the following questions:

"Q. Was it known to you and to Mr. Budd at the time this application was made for the loan of $20,000, that Mr. Hoffheimer did not claim to be the owner in fee simple of that distillery, and the ground that it was on?" This question was

objected to by the plaintiff, and the objection sustained by the court, and the answer to the question excluded, to which ruling the defendant excepted.

The defendant then asked said witness this further question : " Q. Was not the fact communicated to the plaintiffs in this case before this application was signed, that the defendant in this case was not the owner of the distillery ?" This question was also objected to, and the objection sustained, and the defendant excepted. After the evidence was closed the court (notwithstanding the objection of the defendant) at the request of the plaintiffs, together with other instructions, instructed the jury as follows :

1st. " The jury are bound to find their verdict for the plaintiffs for the sum of seventeen hundred and fifty dollars and interest at the rate of six per cent. per annum from the date of the institution of this suit, if they believe from the evidence, that the plaintiffs procured a loan of twenty thousand dollars for defendant, and so notified the defendant, although the defendant may not have availed himself of said loan so procured, unless the jury find from the evidence, that the contract marked Exhibit "A" was signed in blank by the defendant and afwards filled up, the burden of proving which to the satisfaction of the jury is upon the defendant."

2nd. " The jury are instructed, that the burden of proof lies upon the defendant to show, that the contract sued on was executed by him under an agreement made with plaintiff at the time, that he was not the owner of the property described in the contract marked Exhibit "A" on Second and Main Streets, and that such contract was not to be enforced, if he did not purchase the property, and that the agreement was made at the time of executing the contract."

The defendant at the time excepted to the opinion of the court in overruling his objections to these instructions.

The court at the request of the defendant instructed the jury as follows :

9. " Unless the jury believe from the evidence, that plaintiffs, as agents of defendant, agreed to procure a loan of

$20,000 on the real estate of defendant on Main and Second streets, and the lot of ground in Block 470 of the City of St. Louis, on Chouteau Avenue, set out in the petition, and unless the jury believe from the evidence, that said loan was actually obtained by plaintiffs, as the agents of defendant, on the property described in the petition, they will find for the defendant."

10. "The jury are instructed, that if they believe from the evidence that plaintiffs at the time they received papers marked No. 1 and 2, knew or were informed, that defendant did not then own said property, and did not desire any such loan unless he made a purchase of said Main and Second Street property, as set out in No. 1, unless he did purchase the same, then they will find for the defendant."

The defendant then moved the court to instruct the jury as follows:

" If the jury believe from the evidence, that the papers offered in evidence, numbered 222 No. 2, and 215 No. 1, are not parts of one contract, but that the same are detached portions of two several distinct applications for loans, such belief on the part of the jury may be considered by them in weighing the force and effect to which said papers are entitled, and if the jury believe further from the evidence, that said papers relate to separate transactions, then they may be rejected as evidence of either as an entire contract." This instruction was refused, and the defendant again excepted.

The defendant in his motion for a new trial set out as causes for his motion, among the other objections, the opinions of the court excepted to as above stated.

In the investigation of this case there are only two grounds of objections to the action of the Circuit Court which it is material to examine here. The first is, as to the rulings of the court in the giving and refusing instructions to the jury, and second, as to whether the court improperly refused to permit proper evidence offered by the defendant upon the trial of the cause, to go to the jury. The defendant complains that the court refused to give the jury the instruction, by

which he asked the court to tell the jury, if they believed, the papers read in evidence by plaintiff as the contract sued on, were detached parts of two contracts and related to separate transactions, then they might reject said papers as evidence in the cause.

This objection might be well taken, if the pleadings in the cause would authorize it. The instructions should in all cases be predicated on the pleadings and the evidence, and the jury should be directed to pass upon all facts relating to any issue in the cause; but in this case by an examination of the pleadings it will be seen, that there is no such issue made in the case. The defendant in his answer admits the execution of the paper sued on and filed with the petition, but he denies that he contracted thereby as set forth in the petition, and then sets up two objections or defenses to the supposed contract, which are specifically set forth in the answer, and which are, that the contract was not filled up, but was in blank when he signed it, that said contract was delivered conditionally, and that the same was not to be binding on him unless he purchased the distillery property and needed the money, which was so understood by the parties at the time. The execution of the paper is admitted, no plea of *non est factum*, and no reference made to any such defense in the answer. If upon the trial of the cause in such case a state of facts should be made appear, that would justify such an instruction, the defendant should have asked leave to have amended his answer to correspond with the evidence, and then his instruction might have been proper; but as the case now stands, the instruction was properly overruled. (W. S., 1034, § 3.)

Another objection urged by the appellant in this cause to the action of the Circuit Court upon the trial is, as to the propriety of the action of the court in giving the jury the first instruction asked by the plaintiffs. It is contended by the appellant, that this instruction ignores his defense in the cause, that it purports to cover the whole case and the issues therein, while it wholly ignores at least one of the main defenses set up by appellants. This instruction if taken alone is amenable to

said objections; it tells the jury that they must find for the plaintiff in the sum of $1,750 with interest, unless they find that the instrument of writing sued on was signed in blank, and filled up afterwards, the burden of showing which devolves on the defendant. This wholly ignores the defense set up by the defendant, that the paper was delivered on the condition that it was to have no binding force if he did not purchase the Main Street property, and I do not think that the objection to this instruction is cured by the second instruction given by the court at the request of the plaintiffs. That instruction only tells the jury that the burden of proving that the contract was delivered with the conditions therein named devolves on the defendant, but it fails to inform the jury what effect is to be given to said facts when proved. But in the instruction numbered ten, given on the part of the defendant, the court tells the jury, that if plaintiffs knew or were informed at the time of the execution and delivery of said contract that defendant did not own said property, and did not desire any such loan unless he did purchase the same, then they will find for the defendant. I think that when this instruction, given at the request of the appellant, is taken in connection with the first instruction given for the plaintiffs, they properly present the law upon the issues in this case. The principle contended for by the defendant in reference to said first instruction given on the part of the plaintiffs, being too limited in its scope to present the whole case to the jury, is correct and is sustained by the authorities referred to, (Sawyer vs. Hannibal & St. Joseph R. R. Co., 37 Mo., 240, and cases there cited,) but the instruction is cured in this case by the instruction given for the defendant.

It is however, earnestly contended on the part of the defendant in this case, that the court erred in the first instruction given for the plaintiffs in fixing the measure of damages, if the jury found for the plaintiffs, at seventeen hundred and fifty dollars with interest, &c. That the suit was a suit to recover damages for the breach of a contract in which the damages were not liquidated, and that the damages ought therefore

to be left to the jury. It is a sufficient answer to this objection to say, that this suit is not brought to recover damages for the breach of a contract not performed by the defendant, and from the non-performance of which the plaintiff sustained damages; but it is for the recovery of a compensation charged to be due plaintiffs for services rendered under a written contract, in which the price to be paid to the plaintiffs for their services is fixed by the agreement. In such case, if the plaintiffs show that the services have been rendered and the contract performed on their part, the amount that they are entitled to recover is the price fixed by the contract. The authorities referred to by the defendant are not in point. The remaining point to be disposed of, is as to the ruling of the Circuit Court in excluding the evidence offered by the defendant to prove that it was known by plaintiffs at the time of signing and delivering the contract sued on, that the defendant did not own the distillery property named in the contract. I think that this evidence was material, and ought to have been admitted. The evidence in the cause was conflicting, the plaintiffs and their witnesses having sworn to one state of facts, and the defendant and his witnesses having sworn to a directly opposing state of facts. The evidence excluded would have tended to contradict, and would, if the question had been answered in the affirmative, have directly contradicted, the evidence of the plaintiffs, and might have been sufficient to have turned the scale in favor of the defendant in the minds of the jury, and the answer to the question if it had been in the affirmative would have proved or tended to prove a material fact put in issue by the pleadings.

Evidence that may form a link in the chain of testimony should not be excluded, although it may not be considered sufficient of itself to establish the defense, and this, although at the time, no disclosure is made by counsel of an intention to prove the additional facts to establish the defense. (Platte County vs. Marshall, et al., 10 Mo., 345.) The weight of such evidence should be left to the jury. (Lane vs. Kingsberry, 11 Mo., 402.) It is stated in the bill of exceptions, that after the

20—VOL. LII

evidence of the witness, Hartman had been closed, and the court had taken a recess, on the re-assembling of the court it was remarked by the Judge, that after having examined the issues in the pleadings, he thought the evidence rejected would be admissible; that the witness Hartman was then called for further examination, but that he did not appear and never returned. This did not help the case; it does not appear from the bill of exceptions, that defendant ever had any opportunity to supply the evidence rejected. In a case like this, where the evidence is conflicting and contradictory, *it is not for this court to say what effect the rejected evidence would have had on the minds of the jury*. The Circuit Court ought therefore to have sustained defendant's motion for a new trial, and having failed to do so, the judgment ought to be reversed. Judge Ewing dissents. The other judges concurring, the judgment of the Circuit Court is reversed, and the cause remanded.