———O———

JOHN CLEMENTS, Respondent, *vs.* JOSEPH B. MALONEY, Appellant.

1. *Slander—Words charged must be proved, how far.*—In suit for slander, the same words, or enough of the same words set out in the petition to constitute the offense charged to have been imputed, must be proved in order to entitle plaintiff to a verdict. And it is not enough to prove different words of similar import.

2. *Practice, civil—Instructions should be taken as a whole.*—Instructions are proper, where, taken as a whole, they do not confuse or mislead the jury, and fairly present the law of the whole case.

3. *Slander—Circumstances of plaintiff, etc., may be taken into consideration.*— In suit for slander, it is proper to instruct the jury in estimating damages, to consider the circumstances of the plaintiff, including not merely his pecuniary condition, his family and the like, but all the circumstances of the case which give character to the slander and the injury occasioned thereby. And the jury may give punitive damages. (Buckley vs. Knapp, 48 Mo., 152.)

4. *Slander—Action of—Contract—Technical variance, effect of.*—In action of slander where a contract is referred to in the petition merely by way of preliminary inducement, the contract is not rendered inadmissible in evidence by reason of a technical variance between the instrument and the allegations of the petition, where the effect of such variance is not to mislead the jury. (Wagn. Stat., 1033, § 1.)

5. *Practice, civil—Probata and allegata—Variance, when and how taken advantage of.*—Where a party has been misled by reason of a variance between pleadings and proof, and fails to file his affidavit, setting forth in what respect he has been so misled, as provided in the statute (Wagn. Stat., 1033, § 1), he cannot avail himself of the objection in the Supreme Court.

*Appeal from Sullivan Circuit Court.*

*A. W. Mullins,* for Appellant.

I. In actions of slander, the slanderous words must be proved as charged; proof of equivalent words is not sufficient; so many of the *identical* words charged as are necessary to constitute in themselves the slanderous accusation, must be proved as laid. (Birch vs. Benton, 26 Mo., 153; Creelman vs. Marks, 7 Blackf., 281; Fox vs. Vanderbeck, 5 Cow., 515; 8 Phil., Ev., 551 & notes; 1 Hill. Torts, 397.)

II. The instruction as to the "circumstances" of the plaintiff was clearly erroneous. There was no evidence on the point. (Wear vs. Hickman, 4 Mo., 106; Vaulx vs. Campbell, 8 Mo., 224; Rose vs. Spies, 44 Mo., 20; *Id.,* 179; Frantz vs. Hilterbrand, 45 Mo., 121.)

III. There was a fatal variance between the contract and the allegations in the petition. (1 Hill. Torts, 396–398, and authorities.)

*G. W. Easley and G. D. Burgess,* for Respondent.

23—VOL. LV.

I. There was no variance between the contract read in evidence, the allegations in the petition, and the proof offered. (§ 1, Art. 3, Wagn Stat. ; Reed vs. Larkin, 19 Mo., 192; Murphy vs. Wilson, 44 Mo. 313 ; Metz vs. Eddy, 21 Mo., 13 ; Randolph vs. Keiler, 21 Mo., 557.)

II. The instructions taken together presented the law of the case fairly to the jury, and they must be taken as a whole. (Sears vs. Wall, 49 Mo., 359.)

III. The rule as to the measure of damages as presented in the third instruction given for plaintiff. (Buckly vs. Knapp, 48 Mo., 163; Bump vs. Betts, 23 Wend., 85; McNamara vs. King, 2 Gilm., [Ill.] 432; 1st Hill. Torts, 405; Bennett vs. Hyde, 6 Conn., 24; Beehler vs. Steever, 2 Whart., 314; Larned vs. Buffington, 3 Mass., 546.)

Vories, Judge, delivered the opinion of the court.

This was an action for slanderous words spoken.

The petition charged, that on the 1st day of November, 1870, plaintiff had in his possession a contract which had been previously entered into in writing between the defendant of the one part, and the directors of School District No. 7, in Township 61, of Range 21, Sullivan County, Missouri, on the other part, in regard to the building by defendant of a school house for said school district; and that said defendant on said 1st day of November, 1870, at Sullivan county aforesaid, in speaking of said contract in the presence and hearing of one Sherwood and others, spoke the following false and slanderous words of and concerning plaintiff, that is to say: "John Clements (meaning plaintiff) forged the words, 'that he (plaintiff) should pay him (defendant) four hundred dollars on or before the 15th day of September, 1870, or as soon thereafter as the same could be collected off of said district, and that he could prove it by twenty-five men." That he, John Clements (meaning plaintiff), forged the words, "That the work was to be done in a workmanlike manner in the contract;" thereby intending and was so understood by those present, to charge the plaintiff with the crime of forgery, by which plaintiff claims that

he has been damaged in the sum of one thousand dollars, for which judgment is prayed. The defendant filed two answers to this petition, but the one upon which the trial seems to have been had, simply denies that plaintiff, on the 1st day of November, 1870, or at any time, had in his possession a contract which had been entered into between the defendant and the directors of School District 7, in Township 61, of Range 21, in Sullivan County, in regard to the building by the defendant of a school house for said district, and denies, that on said day or any day prior or subsequent thereto, he charged the plaintiff with the crime of forgery as set forth in the petition. The evidence introduced by the parties on the trial of the cause tended to prove the issues on their respective parts.

Among other proofs introduced by plaintiff, was what purported to be the written agreement referred to in the plaintiff's petition, and together with said instrument, plaintiff offered to prove by oral testimony, that the agremeent offered in evidence was the same instrument to which defendant referred in making the charges against plaintiff, which are set forth in the petition, and which had been referred to by the witnesses in the cause. The defendant objected to the reading of the instrument in evidence, and also to the oral evidence identifying the instrument as the one referred to by defendant, on the ground that there was a variance between the instrument offered in evidence, and the one referred to by plaintiff in this, that the instrument referred to in the petition was described as executed by the defendant on the one part, and the School directors of School District No. 7 on the other part, while the agreement offered in evidence purported to have been executed on the part of the school directors of school district No. 8, and was only signed by the plaintiff as director of said district. The court overruled the objections to this evidence, and the defendant excepted. At the close of the evidence the court, at the request of the plaintiff, instructed the jury as follows:

1st. "That if the jury believe from the evidence, that defendant and plaintiff did on or about the first day of April,

1870, enter into a contract in regard to the building of a school house and placed the same in the hands of S. A. Maloney to hold for them, and that defendant afterwards, to-wit: on or about the first day of November, 1870, in the presence and hearing of one H. A. Atkins, in speaking of plaintiff and said contract, spoke of and concerning the plaintiff the following words, to-wit: That John Clements forged the words, 'that he should pay him four hundred dollars on or before the 15th day of September, 1870, or as soon thereafter as the same could be collected off of said district;' or that he substantially spoke of and concerning plaintiff said words, and that they were false, they are bound to find for plaintiff."

2nd. "If the jury find for the plaintiff, they will assess his damages at any amount to which they may believe from the evidence that he is entitled, not exceeding the sum of one thousand dollars."

3rd. "The jury in making their verdict may take into consideration all the facts and circumstances as detailed by the witnesses, and in estimating the damages which they may think plaintiff has sustained, may take into consideration his circumstances and the injury to his feelings, and may add thereto as compensation for the injury smart money."

4th. "If the jury believe from the evidence that defendant spoke of and concerning the plaintiff the words charged in the complaint, or substantially the same words and that they were false, then the law presumes that they were spoken wilfully and maliciously."

The defendant objected to these instructions and his objections being overruled, he excepted. The court then at the request of the defendant instructed the jury as follows:

1st. "That before the jury can find a verdict for plaintiff they must be satisfied from the evidence that the defendant spoke of and concerning the plaintiff the exact words mentioned in the petition, or enough of said exact words to make a material alteration of said contract, and that he charged plaintiff with making such alteration after the paper was executed; and the jury must exclude from their

consideration any and all other words that defendant may have spoken with reference to the plaintiff, not specified in the petition."

2nd. "It devolves upon the plaintiff to make out his case to the satisfaction of the jury, and unless the jury in this case can find that plaintiff has made out a case as specified in the instructions by a preponderance in his favor of the testimony adduced, then the jury ought to find for the defendant."

There were some other instructions given and refused, but they are not necessary to any real point raised in this court, and will not be further noticed.

The jury found a verdict in favor of the plaintiff for two hundred dollars. The defendant filed his several motions for a new trial and in arrest of the judgment, which being overruled by the court and a final judgment rendered on the verdict, the defendant again excepted and appealed to this court.

The first objection made by the defendant to the action of the Circuit Court, is as to the legality of the first and second instructions given to the jury by the court at the request of the plaintiff. The jury are told by said instructions, that if they find from the evidence that the defendant spoke the slanderous words set forth in the petition, of and concerning the plaintiff, or that he substantially spoke of and concerning plaintiff said words, and that they were false, they must find for the plaintiff. It is insisted by the defendant that these instructions are erroneous; that the identical words laid in the petition must be proved or at least enough of the words laid must be proved, to constitute the slanderous charge imputed or charged to have been imputed in the petition. There is no doubt but the proposition as stated by the defendant is correct. The same words or enough of the same words laid in the petition must be proved to constitute the offense charged to have been imputed, and it will not do to prove different words of similar import. (Birch vs. Benton, 26 Mo., 153; Reeman vs. Marks, 7 Blackf., 281, and other cases referred to.) The words charged in the petition and not the offense charged by the words must be substantially proved. (Fox vs.

Vanderbeck, 5th Cow., 513.) The instructions objected to, tell the jury that the words charged must be proved, or that defendant substantially spoke of plaintiff said words. The jury are not told by this language that they may find that he spoke words substantially constituting the charge of forgery; but they are told that they must find that the defendant substantially spoke the very words charged. There are numerous cases in which the law laid down in the instruction is stated in almost the exact language used in these instructions; but of course it would be more satisfactory for the court to tell the jury that enough of the words stated in the petition must be proved to substantially constitute the slanderous charge, charged to have been imputed to the plaintiff. In the instructions given by the court in this case at the request of the defendant, the court does tell the jury, that they must believe from the evidence that the defendant spoke of and concerning the plaintiff the exact words mentioned in the petition, or enough of the exact words to make a material alteration of the contract, and that charged plaintiff with making such alteration after the paper was executed, excluding from their consideration all other words spoken, not stated in the petition, before they could find for the plaintiff.

This certainly states the law as strongly in defendant's favor as he could desire it, and when taken in connection with the instructions given on the part of the plaintiff, amounts to a proper exposition of the law on the subject. It is very true that it will not always do for the court to give the jury instructions only embracing a partial view of the case, and tell the jury if they find the facts sustaining that view of the case, they should find for the plaintiff, and by another instruction presenting a different and partial view of the case tell the jury if they find the facts presented by that view of the case they must find for the defendant. Whenever such instructions are wholly inconsistent and contradictory, they are calculated to confuse the jury, and are pernicious and erroneous, however correct they may be in the abstract. But that is not the case with the instructions in this case; they are not, when

properly considered, inconsistent, and when all taken together do not tend to mislead the jury, and fairly present the law of the case to the jury. (Sears vs. Wall, 49 Mo., 359; Budd vs. Hoffheimer, 52 Mo., 297.)

The next objection made by the defendant to the proceedings had in the Circuit Court is that the court improperly instructed the jury that if they found for the plaintiff in estimating his damages they might take into consideration all of the facts and circumstances detailed by the evidence, and that they might take into consideration the circumstances of plaintiff and the injury to his feelings and that they might add thereto as compensation for his injuries "smart money." It is objected to this instruction that there was no evidence in the case tending to show the circumstances of the plaintiff, and therefore it was wrong to instruct the jury on that subject. It is shown by the evidence that the plaintiff was a school director, and that the contract in which the forgery was charged to have been made, was made by plaintiff in his official capacity. This does tend to some extent to show his circumstances in life and serves to characterize the whole transaction and show its publicity. The circumstances of the plaintiff referred to in the instructions, must not be confined to the facts relating to his pecuniary condition and whether he had a family and matters of that kind; but the reference should be to all of the circumstances of the case which give character to the slander and the injury occasioned thereby, and it was proper that the jury should be instructed to take such facts into consideration, and it was also proper to instruct them that they might give punitive damages. (Buckley vs. Knapp, 48 Mo., 152; Larned vs. Buffington, 3 Mass., 546; Bump vs. Betts, 23 Wend., 85.)

It is next insisted by the defendant that the court erred in admitting the evidence of the witness Atkins, in reference to the written contract, to which the charges set forth in the petition related, and in also admitting said contract in evidence. The only ground of this objection is that the contract proved was variant from the one referred to in the petition

in two particulars: 1st. The contract referred to in the petition was charged to have been executed by the school directors, when the one offered in evidence was executed by plaintiff as school director, and 2nd. That the school district as stated in the petition was "District No. 7," when the contract offered in evidence purported to be executed on the part of "District No. 8." The evidence of the witness showed that at the time the contract was entered into, the district was numbered 8, but that the number of the district had since been changed to 7, but that it was the same district and the contract was the same referred to by the defendant in making the charge of forgery  It must be borne in mind that this contract was only referred to in the petition as a preliminary inducement to explain the nature of the slanderous charge made by defendant against the plaintiff, and hence it was not necessary to set it out with any great particularity. It was only necessary to refer to the contract in a general way so as to notify the defendant of the particular charge intended to be proved. It cannot be seen how these technical variances could have injured the defendant, or how he could have been misled thereby. Our statute provides that "no variance between the allegations in the pleadings and the proof shall be deemed material unless it has actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits. When it shall be alleged that a party has been so misled the fact shall be proved to the satisfaction of the court by affidavit, showing in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as shall be just. (Wagn. Stat., 1033, § 1; Turner vs. Moore, 51 Mo., 501.)

This afforded the defendant a remedy if he had been misled by the variance between the instrument proved and the one described in the petition, and if he failed to avail himself of this statute, it is too late to complain in this court.

There are some other immaterial points raised in the court below, but they are not insisted on in this court. We see no material error in the record.

The judgment will be affirmed. The other judges concur.