Helene M. GORDON, (Plaintiff) Respondent,

v.

James C. GORDON, (Defendant) Appellant.

No. 31879.

St. Louis Court of Appeals.

Missouri.

April 20, 1965.

Motion for Rehearing or to Transfer to Supreme Court Denied May 14, 1965.

Charles M. Shaw, Claude Hanks, Clayton, for appellant.

Fred A. Gossom, Robert G. Ruhland, St. Louis, for respondent.

FRANK D. CONNETT, Jr., Special Judge.

Plaintiff, Helene M. Gordon, filed suit for divorce in the Circuit Court of St. Louis County on September 13, 1962, against the defendant James C. Gordon. On October 1, 1962, plaintiff filed a Motion for Temporary Alimony, Suit Money, Court Costs and Attorneys Fees. On October 9, 1962, Fred M. Joseph entered his appearance as attorney for defendant. On December 5, 1962, the following court memorandum was filed by agreement:

"Plaintiff and defendant appear in person and by their respective attorneys.

"By agreement of parties and based on the defendant's representation that his net earnings are $100 per month, it is agreed that the Court may enter its order, if approved by the Court, sustaining plaintiff's motion for temporary alimony, etc., and awarding to pl. as and for temporary alimony the sum of $15.00 per week payable on Wednesday and beginning forthwith, and to pay to pl. as and for attorney's fees on account the sum of $150.00 and to *deposit as security* for costs the sum of $100.00. Said judgment for atty fees impressed with a lien in favor of Fred A. Gossom

with power to levy execution and to collect and satisfy such judgment."

"/s/ Helene M. Gordon   /s/ James C. Gordon
/s/ Fred A. Gossom      /s/ Fred M. Joseph
      Atty for pl.            Atty for deft."

"FILED ............December 5, 1962."

This memorandum was never signed by the Judge, however, the transcript shows that judgment was entered on the foregoing memorandum as follows:

"Now at this day come plaintiff and defendant, in person and by their respective attorneys; thereupon, the Court having heard and duly considered the plaintiff's motion for temporary alimony, suit money, Court costs and attorney's fees on account heretofore filed and this day submitted herein, and being sufficiently advised of and concerning the premises, doth order, the parties hereto consenting, that said motion be and the same is hereby sustained, and doth further order, by agreement of the parties and based on the defendant's representation that his net earnings are $100.00 per month, that the plaintiff have and recover of the defendant as and for her temporary alimony the sum of $15.00 per week payable on Wednesdays and beginning forthwith. It is further ordered, adjudged and decreed by the Court that the plaintiff also have and recover of the defendant as and for her suit money the sum of $150.00, said judgment for attorney fees impressed with a lien in favor of Fred A. Gossom with power to levy execution and to collect and satisfy such judgment. It is further ordered by the Court that the defendant deposit with the Clerk of this Court the sum of $100.00 to secure the Court costs herein."

On June 4, 1963, Fred M. Joseph withdrew as attorney of record for defendant, and on November 5, 1963, Charles M. Shaw entered his appearance as attorney for defendant, and a divorce decree was granted to plaintiff on her petition wherein plaintiff was granted inter alia " * * * the sum of $50.00 as and for additional attorneys fees * * *."

On January 27, 1964, plaintiff filed an application for an order nunc pro tunc asking the Court to enter its approval of the Memorandum of Judgment as of December 5, 1962. On February 13, 1964, plaintiff's application was heard and submitted and the Court made the following order:

"Plaintiff's application for order nunc pro tunc heard and submitted. The Court, having considered the memorandum signed by the parties and their attorneys on December 5, 1962, upon which judgment entry was made in the Court records, and having considered the entries made by the Court in its docket book of Wednesday, December 5, 1962, and the symbols 'RDY' customarily used by the Court to indicate a contested matter was ready for trial and the fact that said symbol was crossed out by the Court, and the notation 'SETT' entered on said docket page by the Court, being the symbol customarily used by the Court to indicate that the parties had reached an agreement after conference with the Court; the Court finds that the memorandum of agreement of the parties of December 5, 1962, is the memorandum of judgment entered by the Court on that date, and the failure of said memorandum to indicate the approval of the Court thereon was through inadvertency or mistake, and that said memorandum is approved nunc pro tunc as of December 5, 1962."

On February 21, 1964, defendant filed his Notice of Appeal, and the case was submitted to this Court on the briefs without argument.

■ The case law of Missouri as to the making of nunc pro tunc orders is well settled. Broadly stated, it is that clerical

errors in court records may be corrected by the Court after the end of 30 days from the date of the judgment (formerly after the term in which the judgment was made had expired); provided there is some entry in the Judge's minutes, the clerk's entries, or some paper filed in the cause showing facts which authorize a correction. See the case of Aronberg v. Aronberg, Mo.App., 316 S.W.2d 675, and the many cases cited therein, cited by both appellant and the respondent in their briefs. The parties are in agreement as to the law. The disagreement comes in the application thereof.

■ It is interesting to note that in this case petitioner is trying to correct a memorandum to make it correspond with a recorded judgment, rather than trying to correct a recorded judgment so it would correspond with a memorandum or some other entry in a record. Why this is desired or necessary to petitioner does not appear from the briefs and the parties waived argument. Another unusual circumstance is that the error to be corrected is the Judge's error rather than that of the clerk. The recorded cases in Missouri wherein a correction has been made by a nunc pro tunc order have been those in which the clerk has made an error. This probably occurs because the clerk's work is clerical in nature, while the Judge's is generally judicial. It is well settled that judicial errors of the Judge cannot be corrected by a nunc pro tunc order. The Judge cannot change his judgment although he did not make the judgment he intended to make, nor can he supply a judgment he failed to make at all, even one he should have made. As stated in Williams v. Walton, 84 Mo. App. 433, 441: "The power to make an entry nunc pro tunc in a cause after the end of a term does not authorize the entry of an order which ought to have been made, but only those which were actually made, the evidence of which is preserved by some minute made or paper filed at the time." See also Aronberg v. Aronberg, supra.

■ Here is where the defendant makes his stand. He contends that "the Court at no time approved this memorandum and order, at no time signed the order, therefore, there was in effect no order actually made on December 5, 1962." However, the signature of the Judge of the Court is not necessary to the validity of a judgment. If he actually approved the memorandum or rendered a judgment in conformity therewith, whether or not he affixed his signature to the memorandum, would be immaterial to the validity of the judgment. A judgment is valid at the moment it is rendered, although orally made, as in fact it generally is. State v. Haney, Mo.Sup., 277 S.W.2d 632, 55 A.L.R. 2d 717; Marsden v. Nipp, 325 Mo. 822, 30 S.W.2d 77; Williams v. Luecke, Mo.App., 152 S.W.2d 991, 995; Fontaine v. Hudson, 93 Mo. 62, 5 S.W. 692; Platte County v. Marshall, 10 Mo. 345. See 49 C.J.S. Judgments § 45, p. 107; 30 Am.Jur. 226.

■ Assuming for the moment that the Judge actually approved the memorandum judgment as is contended by the petitioner, would his failure to indicate his approval of the memorandum by affixing his signature thereto, be a clerical error? Black's Law Dictionary, Fourth Edition, defines a clerical error as a mistake in writing or copying. Certainly the term "in writing" would include an omission to write. See, also: Cassidy v. City of St. Joseph, 247 Mo. 197, 204, 152 S.W. 306, 309. The fact that an error was made by the Judge rather than the Clerk should not prevent it from being classified as "clerical". Approval of the memorandum would involve a judicial function or discretion and be a judicial act, but the Judge's act of evidencing his approval by signing the form would be clerical. The general rule as found in 126 A.L.R. 977, is as follows: "Clerical errors in judgments, orders, or decrees are not, by the majority rule, limited to mistakes of the clerk, but include errors made by judges where of a clerical or ministerial nature." This A.L.R. note

cites the case of Burnside v. Wand, 170 Mo. 531, 71 S.W. 337, 62 L.R.A. 427, as announcing a contrary rule because of the following statement found in the case at page 543 of the Missouri Reports, and page 339 of the Southwestern Reporter: "It (a nunc pro tunc entry) can never *correct a mistake or oversight of the judge,* (emphasis supplied), nor be used to correct judicial errors, nor to render a judgment different from that actually rendered, even though the judgment actually rendered was not the judgment the judge intended to render." None of the cases cited as authority for the emphasized statement, nor any of the later cases which quote this statement, involve a mistake or oversight of the Judge that is not clearly judicial, i. e., attributable to the exercise of judicial discretion or functions. The Burnside case turned on the fact that there was no evidence to support the proposed nunc pro tunc entry. A study of the cases will show that the important question is not who made the error, but whether the error was made in rendering a judgment, or in the entry of it. We can correct any entry of a judgment or an order by a nunc pro tunc entry, but we cannot correct the judgment actually rendered by the Judge no matter how many errors it may contain. Since the rendition and validity of a judgment is not dependent on the signing of a memorandum thereof, the act of signing so as to evidence or indicate approval of the Judge would be a clerical act.

 Having established that the failure to sign the memorandum would be a clerical error, we next consider whether there was a sufficient record in this case, based on the Judge's minutes, the clerk's entries, or some paper in the cause to show facts authorizing the making of a nunc pro tunc entry correcting a clerical error. Ross v. Kansas City Ft. S. & M. R. Co., 141 Mo. 390, 395, 38 S.W. 926, 927. Is there sufficient record in this case to show that the Judge actually made the judgment recorded but inadvertently forgot to sign the memorandum thereof?

It is obvious from the judgment in this case that Judge Cloyd based his decision that a clerical error had been made in not signing the judgment memorandum on entries found in his docket book. Such is a sufficient record entry upon which the trial Judge might base a nunc pro tunc order. Furthermore, the clerk's entry into the records of the Court of the judgment itself appears to us to be sufficient evidence of the fact that a mere clerical error was made in the court having failed to sign a memorandum of judgment which was identical to the judgment actually recorded.

Wherefore, the Judgment of the Court below is affirmed.

RUDDY, P. J., and ANDERSON, J., concur.

WOLFE, J., not participating.