CALEDONIA,
July,
1839.

JOHN HADLEY *v.* CROWELL CHAMBERLIN AND ELI CLOUD.

An amendment of the records of a school district, on trial of a cause, and to meet a particular decision of the court, should not be made.

A district collector holds his office for a year, and while he is collector no other one can be appointed to collect any particular tax, or as collector *pro tempore.*

If the office of collector is vacant, the district may appoint a new collector but, in such case, they connot appoint a collector *pro tem.* or to collect arrearages.

TRESPASS *de bonis asportatis.*

Plea,—Not guilty, and notice that the defendants justified the taking as a distress for taxes due from the plaintiff as a rateable inhabitant of school district No. 5, in Waterford, one of the defendants being collector of said district, and the other acting as his assistant.

The case was tried in the county court by a jury, and under the direction of that court, the jury returned a verdict for the defendants.

The only questions decided by this court arose upon the following evidence, and the decision of the county court thereon.

The defendant offered the records of school district No. 5, in Waterford, to show that the district voted a tax of one hundred dollars, on the 11th of Dec. 1834, for the purpose of repairing the school house, and also to show the appointment of the defendant, Chamberlin, as collector. It appeared from the records that Horace Buck, was appointed collector at a meeting held on the 23d of March, 1835, and that the defendant, Chamberlin, was, at the same meeting, appointed collector, *pro tem.* " to collect all arrearages in said district."

The records were objected to by the plaintiff, and upon an intimation from the court that they were not sufficient for the purposes for which they were offered, the defendant, Chamberlin, claiming to be, or to have been, clerk of said district, in open court, amended the record by inserting, after the record of the appointment of said Buck collector, that he, Buck, declined serving as collector, and the records, as amended, were admitted by the court.

The warning for the meeting was dated the 17th of March, 1835, and the legal voters of the district were therein notified to meet on the 23d of March, 1835;—but it did not appear that any request had been made, in writing, to the clerk of the district to call the meeting. The meeting was held pursuant to the warning.

The defendants also offered in evidence a rate bill and warrant for the collection of said tax of $100,00, voted on the 11th of Dec. 1834, for which the defendant, Chamberlin, gave a receipt which he signed as collector *pro tem.* Under this rate bill and warrant, the defendants justified the taking complained of by the plaintiff.

Several other questions were presented, in the bill of exceptions, for the decision of this court, but as they were not decided they are here omitted.

To the admission, by the court below, of the evidence offered on the part of the defendants, and the direction to the jury, the plaintiff excepted.

*Charles Davis,* for plaintiff.

— *Hibbard,* for defendants.

The opinion of the court was delivered by

WILLIAMS, C. J.—The defendant justifies the taking for which the action was brought, as collector of school district No. 5, in Waterford, by virtue of a warrant and rate bill. Several questions have been made in the case, and, indeed, cases of this nature are usually prolific of litigated and curious questions at least. The first point presented, is, whether the defendant, Chamberlin, was collector.

It appears, that, when the records of the district were first produed to show this appointment, and they were insufficient for that purpose, the defendant, Chamberlin, who was or had been clerk, then made the alteration mentioned in the bill of exceptions. It is undoubtedly the duty of all recording officers to see that the proceedings of the corporation are correctly recorded, but the practice of amending and altering the records, when a controversy has arisen, to meet a particular case, or in consequence of a decision of the court, cannot be defended, and the case before us shows the impropriety of such a procedure. The records, as they were first made, undoubtedly showed what the district intended,

*CALEDONIA,*
*July,*
1839

Hadley
*v.*
Chamberlin &
Cloud.

whether it was legal or not. As they were amended, they showed an inconsistency in the proceedings. The first objection which was raised, was, that there did not appears to be any application in writing to the clerk to warn the meeting of the district. But as the application is not required to be kept or recorded, it is to be presumed that the clerk acted on a proper application, in warning the meeting, unless the contrary is shown. The meeting was warned on the 17th, and was held on the 23d, March, 1835, at which time, from the records, as they now stand, it appears that Horace Buck was appointed collector, and that he declined accepting.

If Buck could decline, without the consent of the district, the office was vacant, and they should have elected another person. But it appears that they chose the defendant, Chamberlin, collector *pro tem.* to collect all arrearages, and in the receipt which he executed for the rate bill he signs as collector *pro tem.*

A collector of rates is an officer of the district, for whose appointment provision is made by statute, and his duties are also pointed out by the same statute. He is to hold his office for one year, and until another is chosen in his stead. His duties cannot be assigned to another, nor any part of them, and, of course, the district can make no temporary appointment, or choose a collector to collect one tax, or the arrearages. It is very evident that the defendant was not chosen as collector, to do all the duties appertaining to that office for the year next following, but only as a temporary officer for a particular purpose, and such a collector is not known to the law, and cannot be recognized as such. Whether we consider Buck as the actual collector, as appeared from the records when first produced, or consider the office as vacant, as it now appears, Chamberlin was only designated to perform a part of the duties appertaining to the office, and was not elected to the office of collector. Not being collector, he had no authority to collect the tax in question. This renders it unnecessary to consider the other questions raised in this case.

The judgment of the county court is, therefore, reversed