JOSEPH M. MOTT v. ELISHA REYNOLDS.

*Amendment of town and school district records.*

The clerk of a town or other municipal corporation while in office and having the custody of the records, may generally make them conformable to the facts by altering or amending them; and this even though he may have been out of office, but is again restored.

Such alterations or amendments should ordinarily be made by original documents or minutes, and not upon the testimony of third persons, or upon the clerk's own recollection unless in very obvious cases of omission or error.

TRESPASS for taking a cow. The defendant justified as the collector of a tax voted at a school district meeting; to which the plaintiff replied that there was no legal school meeting held at the time and place named. Trial by jury, August Term, 1853,— PECK, J., presiding.

Upon the trial, the defendant offered in evidence the book of records of the school district, from which it did not appear that the warning, for the meeting in question, had ever been signed by the clerk of the district, further than that the attestation immediately under the warning was signed by the clerk. This was objected to and the defendant then offered parol testimony to prove that the original was signed by the clerk; this testimony was objected to, but was admitted, and the clerk of the district testified that such was the fact, and from his testimony it appeared that he was the clerk at the time of said warning and also at the time of the trial, but that another person had been the clerk during a portion of the time between those periods.

The defendant then moved the court to allow the clerk, who was then on the stand as a witness, to amend his record by adding on the record, his signature as clerk, to the record of the warning, to which the plaintiff objected; the court decided that they had no power over the clerk and could give him no directions, but said that in the opinion of the court, the clerk had a right, if he chose to do so, to amend the record in that particular, if such amendment would be according to the truth, but that the clerk must judge for himself, whether he would or should make such amendment, and the court added, that if such amendment was made, the record, in the opinion of the court, would be admissible.

Thereupon the clerk amended the record by adding his signature as clerk to the record of the warning, above his signature to the attestation to the warning, and above said attestation, in the book of records.

The record was then admitted in evidence and the question submitted to the jury whether the original warning was or was not signed. The jury returned a verdict for the defendant. Exceptions by the plaintiff.

———— ————, for the plaintiff.

The court should not have permitted the amendment, *Hadley* v. *Chamberlin*, 11 Vt. 618.

The clerk, after having been out of office could not, on again coming in, amend or alter the record of meetings held while he was first in office. Certainly, if he was out of office he could not amend his records, *Hartwell* v. *Littleton* 13 Pick. 229. *School D. in Stoughton* v. *Atherton*, 12 Metc. 112.

*G. Harrington*, for the defendant.

The statement of the court as to the right of the clerk to amend the record, was not judicially made and is not the subject of error. *Durfey* v. *Hoag et al.*, 1 Aik. 286.

The clerk had a right to amend his record according to the truth, and it was his duty to do so. *Durfey* v. *Hoag*, ub. sup. *Tufts* v. *Aiken*, 13 Vt. 490.

The opinion of the court was delivered by

REDFIELD, CH. J. As the oral evidence admitted and submitted to the jury did not produce any effect in setting aside the record of the district clerk, it is not important to consider the propriety of its admission. It is indeed very obvious upon general principles that matters of record cannot be supplied or contradicted by merely oral evidence. And although the judge, in trying a case in the county court, is not bound to express any opinion in regard to an amendment of a record, by any recording officer; yet he is not precluded either by law, or taste, from expressing his own opinion upon such a matter, if he choose, nor do we perceive any impropriety .

in his so doing, if he choose, and it is sufficiently understood, that it is merely the unofficial opinion of the person, as, it is very obvious, must have been the case here.

The only question remaining here then is, as to the affect of the amendment. And while it is obvious some limits must be fixed to such amendments, we do not feel prepared to say as matter of law, that they are never allowable. If the officer making the record were out of office, or were a party to the suit, as in *Hadley v. Chamberlin*, 11 Vt. 618, and in many other cases, it might be improper. But the point does not seem to have been definitely determined in *Hadley* v. *Chamberlin*, for the case is finally put upon the ground that the record as amended showed no authority to act as collector, there being no such officer known to the law as a collector *pro tempore*.

But we think in general, it must be regarded as the right of the clerk of a town or other municipal corporation, while having the custody of the records, to make any record according to the facts. And we do not perceive that his having been out of office, and restored again, could deprive him of that right. But even the officer could not alter or amend a record upon the testimony of third persons ordinarily, and ought not to do it upon his own recollection, unless in very obvious cases of omission or error, of which the present might fairly be regarded as one, probably. Such amendments should ordinarily be made by the original documents or minutes.

We do not see why this amendment was not properly made and the judgment is affirmed.