THOMAS KANE & Co., Appellant, v. SCHOOL DISTRICT OF CALHOUN, Respondent.

Kansas City Court of Appeals, March 7, 1892.

1. **Schools**: TOWN DISTRICT: WARRANT: CONTRACT: CONSTITUTIONAL LAW. A school warrant directed to the treasurer of the county and purporting to be for furniture furnished district number 7, township 43. range —, and to bind the district for two years in the future, is not the obligation of, and does not bind, a town district, and besides is in violation of the constitution when it is shown that there was no money on hand to pay the same, nor any provided for in the fiscal year it was issued; nor will a contract executed in like circumstances bind the district.

2.  —————: BOARD OF DIRECTORS : EVIDENCE.  If a statute creating a corporation and providing for its proceedings shall require such proceedings to be preserved in a record kept for that purpose, then such record is the only proper evidence of such proceedings, and so the proceedings of a board of school directors must be shown by their record.

3.  —————: —————: CONTRACTS : RATIFICATION.  The board of directors of a school district can only act when assembled together in a meeting as the board of directors, and neither two nor all of the directors acting separately and apart from each other could bind the district by any contract they might make; nor does the fact that the furniture so contracted for is placed in the school-house, and used, amount to a ratification by the district of the act of the directors.

*Appeal from the Henry Circuit Court.*—HON. D. A. DEARMOND, Judge.

AFFIRMED.

*H. Clay Daniel* and *Noah M. Givan*, for appellant.

(1) Parol evidence is admissible to show proceedings omitted by the clerk of defendant from its records, and to prove, in the absence of any record of the fact, that the board of defendant was in session when it accepted the bid of the Racine School Furniture Company for the seats and desks. *Bank v. Dandridge,* 12 Wheat. 69; *United States v. Fillebrown,* 7 Peters, 28; *City of Troy v. Railroad,* 13 Kan. 70; *Ross v. City of Madison,* 1 Ind. 281; 48 Am. Dec. 361; *O'Mally v. McGin,* 53 Wis. 353. (2) The Racine School Furniture Company, plaintiff's predecessor, had a right to presume that the officers of defendant would make proper record of its proceedings. (3) The mistake made by defendant's officers in drawing the order for the seats and desks on the county treasurer, instead of on the treasurer of defendant, is so palpable and obvious on its face as to leave no doubt of the intention of the parties, and in such cases the mistake will be disregarded, and the order will be treated as though

properly drawn. *Gains v. Allen*, 58 Mo. 537; *Deal v. Cooper*, 94 Mo. 62; *Boyce v. Sykes*, 97 Mo. 362; *State ex rel. v. County Court*, 98 Mo. 362. ( 4 ) The action of defendant in mis-naming itself in its own records, and in its contracts and agreements, will not enable it to avoid its just and valid debts. It cannot take advantage of its own errors any more than it could take advantage of its own wrong. ( 5 ) The action of defendant in purchasing said seats and desks, and its agreement to pay for them by executing its contract and order, was not *ultra vires*, but created against it a just and valid debt. *Rudy v. School Dist.*, 30 Mo. App. 120; *Bank v. Lexington*, 74 Mo. 104; *Bank v. Franklin Co.*, 65 Mo. 112; *Bryson v. Johnson Co.*, 100 Mo. 76; *Jacquemin v. Andrews*, 40 Mo. App. 510; *Page v. Board of Education*, 59 Mo. 264; *Brown v. City of Atchison*, 39 Kan. 37; 7 Am. St. Rep. 515. ( 6 ) The board of defendant district not only had authority to purchase seats and desks for its schoolhouse, but it was their imperative duty under the statutes to provide them. R. S. 1879, secs. 7044, 7147; Amended Acts, 1881, p. 202; Amended Acts, 1883, p. 191; R. S. 1889, secs. 7992, 8089; *Wilson v. Board of Ed.*, 63 Mo. 137; *McCutchen v. Windsor*, 55 Mo. 149; *Arnold v. School Dist.*, 78 Mo. 226; *Armstrong v. School Dist.*, 19 Mo. App. 462; *Frazier v. School Dist.*, 24 Mo. App. 250; *Rudy v. School Dist.*, supra.

*James Sparks & Son*, for respondent.

( 1 ) Where law or charter requires clerk of public corporation to keep a record of all proceedings of the governing body of such corporation, that record, or a duly authenticated copy of it, is the only proper evidence of the acts of the body, and its absence cannot be supplied by parol evidence. *City of Logansport v. Crockett*, 64 Ind. 319; *Jordan v. Dist.*, 38 Me. 164; *City of Lowell v. Wheelock*, 11 Cush. 391; *Harris v. Whitcomb*, 4 Gray, 433; *Morrison v. City of Lawrence*, 98

Mass. 219; *Johnson ,v. School Dist.*, 67 Mo. 319; *Stewart v. City of Clinton*, 79 Mo. 603; *Crutchfield v. Warrensburg*, 30 Mo. App. 456; *Maupin v. Franklin Co.*, 67 Mo. 327; *Thrush v. City of Cameron*, 21 Mo. App. 394; *Johnson Co. v. Woods*, 84 Mo. 489. (2) The law requires the clerk of the school district to keep an accurate record of all proceedings of the annual and special meetings of the qualified voters, and of all proceedings of the board of directors. In other words the law, creating school districts and granting and circumscribing their powers, requires that all the proceedings of the district be reduced to record. R. S. 1879, secs. 7031, 7042, 7067, 7145. A failure to record the proceedings subjects clerks to removal. R. S. 1879, sec. 7048. And in some cases to criminal proceedings. R. S. 1879, sec. 7066. (3) The warrant could only be drawn upon the order of the board' of directors for legal indebtedness, and upon its appropriate fund. Such warrant must be drawn in the corporate name of the district. R. S. 1879, secs. 7071, 7072; R. S. 1879, secs. 7145, 7147. (4) The law respecting orders of the character in controversy does not clothe them with any of the attributes of negotiability, nor allow them to bear interest. *State ex rel. v. Huff*, 63 Mo. 288. Nor can the same be assigned except by the statutory assignment properly indorsed. R. S. 1879, sec. 5397; *Bank v. Franklin Co.*, 65 Mo. 105. (5) No school district is allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof voting at an election held for that purpose. Const., art. 10, sec. 12. And this section of the constitution is self-enforcing, and is an effectual barrier against all indebtedness without regard to its character or its object. *Mister v. Kansas City*, 18 Mo. App. 217; *Cheeney v. Brookfield*, 60 Mo. 54; *Book v. Earl*, 87 Mo. 246; *Barnard & Co. v. Knox Co.*, 16 S. W. Rep. 917. (6) The district cannot be

held in an action *quantum meruit;* it can only be held upon a written contract duly authorized and reduced to writing and signed by the parties thereto. R. S. 1879, sec. 5360; *Crutchfield v. Warrensburg, supra; Heidelberg v. St. Francois Co.,* 101 Mo. 69; *Schell City v. Mfg. Co.,* 39 Mo. App. 265. (7) The district cannot be held upon any implied contract, nor does the use of such articles amount to a ratification of the purchase, nor impose upon the district any obligation to pay for them. *Johnson v. District,* 67 Mo. 319; *Maupin v. Franklin Co.,* 67 Mo. 330; *Crutchfield v. Warrensburg, supra; Schell City v. Mfg. Co., supra; Book v. Earl,* 87 Mo. 246. (8) A void contract is incapable of ratification, and the acceptance of its benefits by the county, or district, does not create an estoppel. *Heidelberg v. St. Francois Co., supra; Book v. Earl,* 87 Mo. 246; *Crutchfield v. Warrensburg, supra,* and other cases cited above. (9) One who enters into a contract with a school district, through its directors, must, at his peril, take notice of the limited powers of the directors, and see that they are pursuing their authority. *Rudy v. District, supra; Frazier v. District,* 24 Mo. App. 250; *Book v. Earl, supra; Cheeney v. Crutchfield,* 60 Mo. 53; *Keating v. Kansas City,* 84 Mo. 419; *Sturgeon v. Hampton,* 88 Mo. 203.

GILL, J.—This action was brought by the plaintiff, as assignee of the Racine School Furniture Company, to recover of the defendant school district the alleged contract price for seats furnished for a schoolhouse. There are two counts in the petition, the one based on an alleged warrant or school district order, and the other on an alleged contract with the board of directors. The answer denied all the allegations of the petition except that defendant is a body corporate for school purposes, etc. The issues were tried by the court without a jury, with finding and judgment for defendant, and plaintiff appealed.

The defendant is a town school district, a corporation with limited powers; and, at the date of the transaction in question, was governed by articles 1 and 2, chapter 150, Revised Statutes, 1879. By the terms of that law, it must be admitted, the board of six directors is intrusted with the duty and power to manage the business, make and authorize contracts in behalf of the school district, etc. It, too, is made the duty of the board of directors to select of their number a president, secretary and treasurer. R. S. 1879, sec. 7145. This secretary shall preserve and enter in the record book of the district all the proceedings had at the official meetings of the board. Secs. 7145, 7042, 7067. A failure or refusal by such secretary to keep such record subjects him to removal or fine. Secs. 7048, 7066. The treasurer of the town school district is made the custodian of the funds belonging to the district, which are to be paid out only on the warrant or order of the board. R. S. 1879, sec. 7149.

Now, having stated in this preliminary manner the statute then in force, it appears manifest that the so-called warrant or school district order, here sued on in the first count, is not such an instrument as the law provides, and that the defendant cannot be held thereon. In the first place it is directed to the *treasurer of Henry county*, not to the *treasurer of the school district*, as the statute provides. It is said, too, on the face thereof, to be "for school furniture furnished *district number 7, township 43, range* —," which is not the corporate name of this defendant, and, indeed, there seems to be several other school districts in Henry county coming under that general designation. More than this, the so-called treasurer's warrant purports to bind the school district two years in the future, in that the treasurer is directed to pay the same about two years after its date. The evidence conclusively shows that there was no money on hand then to pay the same nor any provided for in that fiscal year. Hence, this order was

an effort to pledge the future credit of the defendant, in clear violation of section 12, article 10, constitution of Missouri, which reads: "No * * * school district * * * shall be allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose." *Barnard & Co. v. Knox Co.*, 105 Mo. 382, and other cases cited by defendant's counsel.

These observations apply, too, to the alleged contract which forms the basis of the second count of the petition. Said contract assumes to be signed by the officers of the school district number 7; and attempts on June 22, 1883, to bind the defendant for the payment of $475, with ten-per-cent. interest, on the first day of August, 1885.

Again, the defense in this case is made complete, in that it appears that the board of directors, as a body, never authorized the making of this contract, nor the execution of this warrant. The plaintiff attempted to supply this omission by introducing oral testimony as to the proceedings had by the board. We are of the opinion that the only proper evidence of the acts of the corporation was the record required to be, and which was, kept by the board. It seems that the secretary did keep a record of such proceedings, as the statute imperatively demanded; but nowhere was there found any authority from the board for the contract here alleged and relied on. The rule seems to be that, if the statute creating the corporation and providing for its proceedings shall require such proceedings to be preserved in a record kept for that purpose, then such record is the only proper evidence of such proceedings. *Logansport v. Crockett*, 64 Ind. 324; *Lowell v. Wheelock*, 11 Cush. 393; *Morrison v. City of Lawrence*, 98 Mass. 221; 1 Dill. Mun. Corp. [4 Ed.] secs. 299, 300; *Bank v. Dandridge*, 12 Wheat. 69; *United States v.*

*Fillebrown*, 7 Peters, 47; *Stewart v. City of Clinton*, 79 Mo. 611; *County of Johnson v. Wood*, 84 Mo. 516.

But even admitting all this oral evidence, introduced for the purpose of showing a contract by the board, we yet agree with the court below "that the plaintiff is not entitled to recover, and the finding ought to be for defendant." The evidence even then did not satisfactorily show a meeting of the board of directors, nor the making of the contract by them as a body. At most it was only an agreement by some of the individual directors acting separately, and not as an organized body. In purchasing this furniture, it may be said here, as was stated in *Johnson v. School Dist.* ( 67 Mo. 321 ), that the members of the board could only bind the school district *in meetings of the board.* "They could only act when assembled together in a meeting as the board of directors, and neither two nor all of the directors acting separately and apart from each other could bind the district by any contract they might make." * * * "Nor does the fact that the articles purchased were placed and used in the school amount to a ratification by the district of the acts of the directors (who may have illegally attempted to contract for the district), or impose any obligation upon the district. The inhabitants of the district could not by their unanimous action have imposed an obligation upon the district, and, therefore, could not ratify and validate an invalid contract made by the directors. The district could contract only in the manner prescribed by law." *Johnson v. School Dist.*, 67 Mo. 321.

The finding and the judgment of the circuit court were clearly right, and will be affirmed. All concur.