STATE OF MISSOURI *ex rel.* BANK OF BELTON, Plaintiff in Error, v. W. A. WRAY *et al.*, Defendants in Error.

Kansas City Court of Appeals, January 8, 1894.

1. **Public Corporations**: AGENT'S POWER IN AND OUT OF CONVENTION. Certain individuals convened and acting as a body corporate may transact certain business and exercise certain powers given the corporations, yet these same parties not so convened are powerless, even by unanimous consent as individuals, to perform the duties enjoined on the body.

2. **Board of Equalization**: RECORD: CLERK'S ASSISTANCE: CORRECT-ING MISTAKES. A mere assistant to the secretary of the board of equalization has no authority to make the record of the board, and his attempt to do so is a mere mutilation, unless made under the secretary's direction; and if made under such direction, the secretary, upon discovering mistakes immediately thereafter, may correct any error and make it conform to the truth.

3. ———: ———: APPROVAL. The statute does not require the approval of its record by the board of equalization, and the absence thereof can not impair the record's legal effect; and if the board were required to sign the record, the failure to do so would not invalidate it.

*Error to the Cass Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*Chas. W. Sloan* and *Jas. S. Brierly* for plaintiff in error.

(1) *Certiorari* was relator's proper remedy. *Mining Co. v. Neptune*, 19 Mo. App. 438; *State ex rel. v. St. Louis Co.*, 47 Mo. 594; *State ex rel. v. Dowling*, 50 Mo. 134; *Railroad v. Board of Equalization*, 64 Mo. 294; *State ex rel. v. Board of Equalization*, 108 Mo. 235. *First.* The office and nature of the writ of *certiorari* is to bring up the record of the inferior court, and to show such defects as appear on the face of the record. 50 Mo. 137, *supra; State ex rel. v. Powers*, 68 Mo. 323; *State ex rel. v. Moniteau Co.*, 45 Mo. App. 391; *Rogers v. Court of Clinton Co.*, 60 Mo. 101; *State ex rel. v. City of Kansas*, 89 Mo. 34; *State ex rel. v. Cauthorn*, 40 Mo. App. 94; *State ex rel. v. Heege*, 37 Mo. App. 338; *Railroad v. Young et al.*, 96 Mo. 39; *State ex rel v. Smith*, 101 Mo. 174; *State v. Schneider*, 47 Mo. App. 669, 675. *Second.* Facts outside of the record cannot be called to the attention of the court. *Railroad v. Board of Equalization*, 64 Mo. 294, 308; *House v. County Court*, 67 Mo. 522; *Halpin v. Powers*,

68 Mo. 320; *State ex rel. v. Kansas City*, 89 Mo. 34.
*Third.* The writ of *certiorari* is not a citation to justify
action of lower court. *State ex rel. v. Dowling*, 50 Mo.
134. *Fourth.* *Certiorari* operates as stay of all pro-
ceedings from time of service. *Patcher v. Mayor, etc.,
of Brooklyn*, 13 Wend. 664; *Hunt v. Lambertvill*, 46 N.
J. L. 59; *Hyslop v. Finch*, 99 Ill. 171; 3 American and
English Encyclopedia, 66; 2 Desty on Taxation, 639;
*Gaertner v. City of Fond du Lac*, 34 Wis. 497; *Conover
v. Devlin*, 24 Barb. 636. *Fifth.* In making a transcript
of a record called for, clerk's duty is to copy record as
it then appears on file, without assuming to make
amendments. *Shout v. State*, 55 Ala. 77. *Sixth.* On
service of writ the inferior tribunal must transmit a full
certified transcript to court, awarding writ as it then is.
*McMannus v. McDonough*, 4 Ill. App. 180. *Seventh.*
Writ of *certiorari* should issue after final determination
or action of lower tribunal. *State ex rel. v. Edwards*,
104 Mo. 127; *State ex rel. v. Schneider*, 47 Mo. App.
669, 675. (2) The record certified to May 25, 1893,
failed to show affirmatively the board had acquired any
jurisdiction to increase relator's assessment. *Lingo v.
Buford*, 20 S. W. Rep. 459 and authorities cited, 96 Mo.
39; Black on Tax Titles, [2 Ed.] sec. 140; Code, 1889,
secs. 7519, 7520; 19 Mo. App. 439; *Black v. McGonigle*,
103 Mo. 199; 108 Mo. 235; *State v. Railroad*, 26 Pac.
Rep. 225; *People v. Supervisors*, 35 Barb. 408; *State ex
rel. v. Com'rs*, 14 Mo. App. 297; *State ex rel. v. Com'rs*,
88 Mo. 144. (3) The acts of the board were judicial.
*St. Louis Mut. L. v. Charles*, 47 Mo. 462; *Railroad v.
McGuire*, 49 Mo. 482; *Black v. McGonigle, supra.*
(4) It was error to admit as the correct one the
record made and signed after June 5, the board having
finally adjourned May 2; no amendment or change in
the record could be made after last date. *Hill v. St.
Louis*, 20 Mo. 588; *Mann v. Warner*, 22 Mo. App. 581;

*Belkin v. Rhodes*, 76 Mo. 643, and authorities cited. *First.* Said record could not be changed or amended on mere recollection of members of board as to what occurred before them. 76 Mo. 643; *Ross v. Ross*, 83 Mo. 100. *Second.* On removal of cause to circuit court by *certiorari* jurisdiction cannot be conferred by amendment. *McQuoid v. Lamb*, 19 Mo. App. 153; *Olive v. Zeigler*, 46 Mo. App. 193. *Third.* No amendment could be made to record by clerk without the sanction of the board or court as such; after adjournment the functions of the board had ceased. Revised Statutes, 1889, secs. 2115, 7520; *State ex rel. v. St. Louis*, 67 Mo. 113; *Brecht v. Corby*, 7 Mo. App. 305; *Newton v. Strang*, 48 Mo. App. 542; *State ex rel. v. City of Kansas*, 89 Mo. 39.

*A. A. Whitsitt* and *W. L. Jarrott* for defendants in error.

(1) The secretary of the board of equalization, as soon as he learned that an incorrect record had been made, had the right to correct the same and make an accurate record according to the true facts. *Railroad v. County Court*, 57 Mo. 223; *Fletcher v. Coombs*, 58 Mo. 430; *Williams v. School District No. 1*, 38 Mass. 75-80; *Hutchinson v. Board of Equalization*, 23 N. W. Rep. (Iowa) 249. (2) Relator claims that the clerk did not write record in time. This is not correct; but, conceding that it is, relator cannot complain of this because it is provided in the chapter of Revised Statutes relating to revenue: "Nor shall failure of an officer or officers to perform the duties assigned him or them on the day, or within the time specified, work any invalidation of any such proceedings." Revised Statutes, sec. 7708; *Railey v. Guinn*, 76 Mo. 263; Cooley on Taxation, 320, 321. (3) We insist that the clerk did not make or change the record. This statement by relator

is not correct. We may waive this point and admit that the order placed of record by James Maxwell may be considered as a part of the record; we insist that the secretary of the board had the right to change it. If the statute required him to keep an *accurate* record, and an employee of the office, without the knowledge of the clerk, placed of record an order which the board did not make, we insist that the clerk had the right to change the order so as to make it conform to the true facts. *Wells v. Battelle,* 11 Mass. 477; *Taylor v. Henry,* 2 Pick. 307; *Halleck v. Boylston,* 117 Mass. 460; *Mott v. Reynolds,* 27 Vt. 206, 208; Cooley on Taxation, 321; 1 Dillon on Municipal Corporations [3 Ed.], sec. 297; *Black v. McGonigle,* 103 Mo. 200.

GILL, J.—This is a case of *certiorari* issued by the circuit court and directed to the defendants, composing the board of equalization in Cass county, whereby they were ordered to certify up the records of such board, so that the court might determine whether or not it had acted arbitrarily and illegally in raising the personal assessment of the relator. The complaint, as made by the bank in its petition, was that the said respondents, acting as said board of equalization, had raised its assessment as returned by the township assessor from $18,500 to $25,900 without first giving it notice, or permitting it to be heard on the matter, as the statute provides. (Revised Statutes, 1889, sec. 7519.)

Respondents, in their return to the writ, alleged that the bank had notice of the proposed raise, as provided in the statute, and that the officers thereof appeared on the fourth Monday in April, 1893, and sought to show reasons why such assessment should not be increased; but that such reasons were not satisfactory to the board, and the said increase was

adhered to. And the respondents brought up what purported to be the complete record of the board of equalization, duly certified by the county clerk, the keeper and custodian of such record. This record clearly showed that the relator had legal notice of the proposed raise, and in addition thereto that it had appeared before the board and contested the increase.

Following this the relator came into court and in the nature of a reply, pleaded *nul tiel record;* that the pretended record of May 2, 1893, purporting to recite notice and appearance, was false; and then proceeded to state a record of that date wherein it was not recited that notice was given the bank or that it appeared at the hearing, and prayed the court to quash respondents' return. The issue thus made was tried, and the court found and declared the record as set out in respondents' return to be the true one of the board, overruled relator's motion to quash and confirmed the action of the board, and from a judgment in accordance therewith the bank has appealed.

As supplemental to the foregoing cursory view of this controversy, it seems necessary to state that, as Cass county has adopted township organization, its board of equalization, as constituted under section 7517 of the Revised Statutes, is composed of respondents Wray, Meyers and Britt, judges of the county court; Bird, the surveyor; Hatton, sheriff, and Maxwell, the county clerk. The county clerk, however, has no vote in its proceedings, but as secretary it is made his especial duty "to keep an accurate record of the proceedings and orders of the board." Section 7520.

Beginning with April 3 (the first Monday) 1893, this board met to consider the assessment lists sent up by the township assessor. The sessions were held at the county clerk's office from day to day until May 2, and during the progress of their work the board

thought it just and proper to raise the valuation on the personal property of relator and others. And that of this proposed increase the relator had, *in fact*, due notice, and indeed appeared and opposed the same, seems to be admitted. The board held its final meeting on May 2; and as usual in matters of this kind there was such a large amount of business transacted on such last day, that the secretary of the board (the county clerk) was unable at the time to write up the complete record. He kept, however, full memoranda or minutes of the proceedings and orders of the board, intending thereafter to prepare the formal entries with more care, as he was warned that there might be subsequent litigation; and with this view he had asked the assistance of the county attorney.

A few days after the final adjournment of the board, the county clerk's son, not a deputy but a mere assistant about the office, undertook to, and did, write up what he understood were the proceedings of the board at its last sitting, but he failed to make the record full and complete in that it was not stated that notice was given or that the parties whose lists were raised had appeared at the hearing. This entry was spread on the record book without the knowledge or consent of the county clerk, and, it would seem, while he and the prosecuting attorney were, from time to time, considering of what such record should consist. Subsequently (and about June 5) the clerk and secretary of the board canceled the entry thus inadvertently spread on the records by young Maxwell, and wrote on the pages following, what he understood was a complete statement of the board's proceedings of May 2. This record, so written up by the county clerk, in person, was signed by each and all of the members of the board of equalization; and it is this record that the lower court held as the true one and

under which respondents have justified their action in increasing relator's assessment. Whilst, however, the so-called record, so made up by the clerk's son, was spread on the board's book, and before the accurate and correct record had been written thereon, this suit was brought. But it stands uncontradicted by the testimony that it was then in course of preparation, and that such last and correct record is in exact accord with the truth and supported in every detail by the minutes kept by the board's secretary.

It will be seen that this case must turn upon the question as to which of the two entries—the one written by the clerk's son or the one subsequently prepared and spread on the books by the clerk himself—should be treated as the proper record of the board. The trial court decided in favor of the latter, and in so holding we think no error was committed.

Much of appellant's argument is to the effect that, after the final adjournment of May 2, the board of equalization had, as a board, ceased to exist; that its functions as such were gone, and that, therefore, it was not in the power of its members thereafter to make a new record or even correct any theretofore made. We find no fault with this contention in the abstract. The principle is well understood, that while certain individuals, convened and acting as a body corporate, may transact certain business or exercise such powers as are given to the organization, still these same parties, when not so convened and not acting as an organized body, are powerless as individuals to perform the duties enjoined on the body, even though each and all of them concur in doing the particular thing. *Johnson v. School Dist.*, 67 Mo. 321; *Kane v. School Dist.*, 48 Mo. App. 408–415. We concede, then, to appellant's counsel that, when the different members theretofore composing the county board of equalization, on or

about June 8, approved the last record which was prepared by Maxwell the county clerk, and assumed to disapprove the written entry made by Maxwell's son, they were performing a mere nugatory act. They were not acting as an organized body for that had been adjourned *sine die*, and what they might do individually in the matter gave no strength to the record thus made by the secretary of the board.

But we base our decision on the following view of the case: The county clerk was, by the terms of the statute, the secretary of the board of equalization. It was his duty (and his alone) under the express mandate of the law, "to keep an accurate record of the proceedings and orders of the board." Revised Statutes, 1889, sec. 7520. He was bound to the performance of this by his oath of office, and failure or malfeasance in this respect would subject him to such punishment as the law would inflict. Now this officer (this secretary of the board designated by the statute) made but *one* entry in his book of the doings of the board of May 2, and that was the writing mechanically performed on or about June 5; and from this record the jurisdiction of the board to raise relator's assessment is manifest, and it is conclusive, too, on the relator. *Kane v. School Dist.*, 48 Mo. App. 414. The entry wrongfully and inadvertently made by young Maxwell was without authority, null and void. He was not a *deputy*, even, of the board's secretary, and therefore had no semblance of authority to act for him. It was as if one an entire stranger to the office had attempted to write the proceedings of the board. He could only perform this duty by direction of the rightful officer, and such direction he did not have. This first pretended record of the proceedings of May 2 was then a mere mutilation.

But, even were this first entry made under the

direction of the secretary of the board, it would yet seem within the power of the rightful officer, when discovering mistakes immediately thereafter, to correct any error and make it conform to the truth. Cooley on Taxation [2 Ed.], 320 etc; *Halleck v. Boylston,* 117 Mass. 469; *Welles v. Battelle,* 11 Mass. 477; *Mott v. Reynolds,* 27 Vt. 206. This seems to have been uniformly allowed where innocent third parties are not affected.

The record last made in this case was the only accurate and complete record. It was unquestionably based on the exact truth and written up from *memoranda* or minutes made by the secretary whilst the board was in session. We fail, then, to discover any good reason, technical or otherwise, why it should not receive that recognition to which it is justly entitled. There was no valid objection to the introduction of this record because of the fact it was written out in full and spread on the records some thirty days or more after the adjournment of the board. It was prepared from the minutes kept by the secretary at the time; and his subsequent mechanical performance of writing the entry to conform to these memoranda cannot affect its validity. The statute does not require the approval of the record by the board, and hence the absence of such action by that body cannot impair its legal affect. And, even were the board required to sign the record, still, under the rulings in this state, a failure so to do would not invalidate it. *Platte County v. Marshall,* 10 Mo. 345; *Fontaine v. Hudson,* 93 Mo. 62.

After a careful consideration of the very able and elaborate briefs and arguments on both sides of this controversy, we find the judgment of the lower court for the right party, and it is, therefore, affirmed. All concur.