THE JOYCE SURVEYING COMPANY, Respondent, v. THE CITY OF ST. LOUIS, Trustee of the MULLANPHY BEQUEST, Appellant.

St. Louis Court of Appeals, December 22, 1896. Motion to Transfer Cause to Supreme Court, January 2, 1897, Denied.

1. **Agency:** LIABILITY OF TRUSTEE FOR UNOFFICIAL ACTS OF MEMBERS OF BOARD OF COMMISSIONERS OF TRUST FUND: EVIDENCE.   In a suit by a surveying company, for work done, against defendant as trustee for the administration of a trust fund by ordinance, establishing a board of commissioners of the fund, where there was no evidence of plaintiff's employment by any act of the board in its corporate capacity, but only that it was directed to do the work by individual members of the board unofficially,—the only proper evidence of the acts of the board, outside of those falling within the scope of authority vested in its officers, was the record required to be kept under the ordinance establishing it; and the admission of evidence tending to show that plaintiff was employed by the president or other members of the board, acting without its authority, was error, where it was not shown that such employment was within the scope of the duties imposed on such officers, or that the benefits of the service were received and accepted by the board as such.

2. ———: EVIDENCE: INFERENCE: ESTOPPEL.   The fact that a map of the survey hung in the office of the board, and that stones set by plaintiff as boundaries had not been removed, did not warrant the inference that the board accepted the fruits of the services rendered by plaintiff and was, therefore, estopped from refusing to pay plaintiff's bill, where the record disclosed that the board repudiated the bill as having been made without authority, in no way used the map or drawings of survey, nor was advised of any stones or boundary marks set by plaintiff to describe the lands belonging to the trust.

3. ———: EMPLOYMENT BY APPRAISERS WITHOUT AUTHORITY OF BOARD: RIGHT OF ACTION AGAINST TRUSTEE.   The employment of plaintiff by the appraisers, without authority of the board of commissioners of the trust fund, could not give him an independent right of action against defendant.   If a resurvey of the trust estate was necessary to enable them to do their work properly, it was for them to incur that expense as such appraisers and make it a part of their bill against the board.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Reversed and remanded.

*W. C. Marshall* and *B. Schnurmacher* for appellant.

Plaintiff was not employed by the board, by any official or corporate action of the board, nor did the board, as such, authorize Mr. McFall, or the appraisers, to employ plaintiff. *Kane v. School District*, 48 Mo. App. 408; *State ex rel., etc., v. Wray*, 55 *Id.* 646; *Johnson v. School District*, 67 Mo. 319; *Hill v. Rich Hill Min. Co.*, 119 *Id.* 9 (30); *Besch v. Carriage Mfg. Co.*, 36 *Id.* 333; 17 Am. and Eng. Ency. "Officers," p. 83, and cases cited.

But one previous survey of the property had been made, and that in pursuance of a resolution of the board in regular session. It can not, therefore, be said that the president was acting in the ordinary course of his duties, even if he did direct plaintiff to render the services sued for. 17 Am. and Eng. Ency. "Officers," p. 126.

The board not having employed plaintiff or directed him to deliver any plats, books, or maps, was not bound to return them. It was sufficient that the board immediately notified plaintiff that it repudiated its claim. *Kane v. School District*, 48 Mo. App. 408.

The only proper evidence of what the board did, was its record, and the court below erred in receiving parol evidence against defendant's objections. *Kane v. School District*, 48 Mo. App. 408, and cases cited at p. 414.

*Lubke & Muench* for respondent.

Defendant is simply the trustee of a private charity. It is performing the same functions which, as trustee, could be performed by a natural person. Both are "equally liable to animadversion and control of the courts." 29 Mo. 579.

As to rights, powers, and liability of trustees, see Perry on Trusts [3 Ed.], secs. 475, 476; *Hackman v. Maguire*, 20 Mo. App. 285; *Lass v. Sternberg*, 50 Mo. 122; *Rea v. Copelin*, 47 *Id.* 76; *Thornton v. Irwin*, 43 *Id.* 153; 1 Perry on Trusts [3 Ed.], sec. 432.

As to expenses of trustees in the execution of the trust, see 2 Perry on Trusts [3 Ed.], sec. 907; *Id.* secs. 910, 912, 913.

A principal can not accept and appropriate the fruits of a contract made on his behalf, and controvert the authority of the agent to bind him; nor need the consequent estoppel or ratification be especially pleaded in an action against the principal on the contract. *Fahy v. Grocery Co.*, 57 Mo. App. 73. See, also, Story on Agency [8 Ed.], secs. 244–250, pp. 304, 310; *Id.*, secs. 253–260, pp. 312–318.

When a corporation avails itself of a contract made on its behalf by using the articles bought, it is estopped from setting up the fact that the agent exceeded its by-laws or the powers given him. *Ten Broeck v. Boiler Compound Co.*, 20 Mo. App. 20.

Although the corporation has not, by any valid, corporate action, authorized the issuance of bonds or the incurring of the debt, it will be liable if it has received the money and expended it for corporate purposes, or has gained by the transaction, and this liability will exist, not only in favor of strangers, but also of officers and members of the corporation, although the trans-

action violates a by-law of the corporation. *Kent v. Mining Co.*, 78 N. Y. 176–188; *Sheldon Hat Blocking Co. v. Eickemeyer*, 90 *Id.* 616; *R. R. v. Grayson*, 88 Ala. 572; *Ottawa N. P. Road v. Murray*, 15 Ill. 336; *Aurora Agri. & Hort. Soc. v. Paddock*, 80 *Id.* 266; *Hotel Co. v. Wade*, 97 U. S. 13; *Benseick v. Thomas*, 66 Fed. Rep. 104.

BOND J.—Bryan Mullanphy, who died June 5, 1851, by will devised to the city of St. Louis, one third of his estate, real, personal and mixed, "to be and constitute a fund to furnish relief to all poor emigrants and travelers coming to St. Louis on their way, *bona fide*, to settle in the west." As its agency for the administration of this trust the city of St. Louis by ordinance, established the "Board of Commissioners of the Mullanphy Emigrant Relief Fund," composed of thirteen members, to be selected by the city council and the mayor of the city, who was *ex-officio* a member. This board was required to elect a president, vice-president, secretary, assistant secretary, and other necessary officers. It was put in charge of the trust estate, required to hold monthly meetings, and to keep full and accurate account of its proceedings. It was empowered to fix the salaries of its respective officers by by-laws. The president was its chief executive officer. He was given supervision over other officers and charged to report any failure of duty on their part to the board. He received no salary. The board was not permitted to sell the real estate of the trust without the express sanction of the municipal assembly by ordinance. A limit was fixed to the power of the board to lease the land. At a board meeting on September 11, 1893, a special committee of three was appointed to select appraisers of the entire trust estate. This committee selected Messrs. Green, Hull & Quinn.

The board approved their action.  The president of the board called the appraisers so selected before him and directed them to make a thorough examination of the property; he also suggested the employment of plaintiff as a surveyor, if they wanted any surveying done.  There was no action of the members of the board as a corporate body whereby authority was given to said appraisers to employ any surveyor or other assistant at the expense of the board.  The appraisers after considerable delay filed their report, which, among other things, stated that appraisers had incurred some expenses "presuming on the board's approval."  The bills of the appraisers were presented, as were also the bill of plaintiff for surveying done for them, and a bill by a clerk employed by them.  At a meeting of the board convening for the purpose of considering said report and accompanying bills, it was resolved, among other things, that plaintiff's bill should not be paid, on the ground that it was not employed by the board.  The plaintiff's evidence tends to show that it surveyed the trust estate, set boundary marks where they were necessary, and prepared a map and drawing of the work and delivered it to the office of the board of commissioners; that the prices charged by it were reasonable; that it was directed to do the work in question by different members of the board of commissioners speaking for themselves and in an unofficial way.  There was no evidence of its employment by any act or resolution of the board acting in its corporate capacity.  The map of surveys made by plaintiff was hung in the office of the board, but there is no evidence that it has been used in any of the leases or conveyances made by order of the board.

The cause was submitted to the court without a jury.  No instructions were asked by either party, except an instruction requested by defendant, which

was refused, that under the evidence plaintiff was not entitled to recover. The court found for plaintiff and rendered judgment for the amount of his bill, from which defendant appealed to this court and assigns as error the refusal of its demurrer to the evidence, and the admission by the court of the evidence adduced by plaintiff tending to show that it was employed by the individual member of the board to perform the services in question.

The only proper evidence of the acts of the board of commissioners, outside of those falling within the scope of the authority vested in its officers was the record required to be, and which was kept under the ordinance constituting the board. *Kane v. School District*, 48 Mo. App. 414; *State ex rel. v. Wray*, 55 Mo. App. 648; *Hill v. Mining Company*, 119 Mo. 29, 30.' Under this rule the admission of evidence tending to show that plaintiff was employed to do the work sued for by the president or other members of the board acting without authority of the board, was error, unless it can be shown that such employment was within the just scope of the duties imposed on such officers, or that the benefit of the services was received and accepted by the board as such. *Parsons v. Guarantee Investment Company*, 64 Mo. App. 32. There is nothing in the fact that the president was the chief executive officer of the board which entitled him to make contracts not growing out of the usual course of its business. The contract in question is not one arising in the dispensation of charity which constituted the general course and object of the business intrusted to the board. A contract like the one sued for seems never to have been made but once before, and then the survey of the property of the estate was authorized by the corporate action of the board. Nor can any

AGENCY: liability of trustee for unofficial act of members of board: evidence.

analogy supporting the employment of plaintiff by the individual members of the board be drawn from the fact that an individual trustee might have contracted for such services, and thus created a charge against the estate in his hands. In the present case the trustee of the estate is an artificial one, the city of St. Louis. This trustee acting in conformity to law has constituted a corporate board as its agency for transacting the business of the trust. Hence it is only bound by the acts of its agent when they are done in execution of and in conformity to corporate limitations. The individual trustee on the other hand being not thus limited might make any contract as an individual necessity for the execution of his trust.

Our conclusion is that the employment of plaintiff by the officers and members of the board acting individually, did not of itself render the defendant liable.

While it is not claimed that the records of the board of commissioners show any employment of the plaintiff, or ratification of his employment, or adoption of the map and surveys reported by him, it is insisted that the map in question is still hanging in the office of the board, and that the stones set as boundaries have not been removed, and hence, it may EVIDENCE: inference: estoppel. rationally be inferred that the board has accepted the fruits of the services rendered by plaintiff, and is, therefore, estopped to refuse payment of its bill. We do not think such an inference is legitimate under the facts in this record. These show that when plaintiff's bill was sent to the board, it was repudiated as having been made without authority. The evidence of the secretary of the board, who drew all the leases and conveyances, is that in no instance has any use been made of plaintiff's maps or drawings in the conduct of the business of the board. There is nothing in the record showing that the board was ad-

vised of any stones or other boundary marks being set by plaintiff to describe the lands belonging to the trust. The record of the appraisers in referring to the services performed, speaks of their having incurred expenses "presuming on the board's approval." Taking these facts and circumstances as a whole, we see nothing but conjecture to support the inference of ratification or adoption of plaintiff's services by the board of commissioners. Inferences which do not rise above a mere surmise, are not evidentiary. To give them that quality they must rest upon a basis of fact having a legal and logical relation to the fact in issue or dispute. Our conclusion is that both the assignments of error made by defendant must be sustained. If a resurvey of the trust estate was essential to enable the appraisers to do their work properly, it was for them to incur that expense as appraisers, and make it a part of their own bill against the board. Such employment of plaintiff by the appraisers could not furnish plaintiff an independent right of action against defendant. The result is that the judgment will be reversed and the cause remanded. It is so ordered. All concur.

EMPLOYMENT by appraisers without authority of board: right of action against trustee.

OPINION OF COURT.

ON MOTION TO TRANSFER CAUSE TO SUPREME COURT.

ROMBAUER, P. J.—The plaintiff, finding himself unsuccessful in this court, now suggests for the first time that the supreme court has exclusive jurisdiction of the appeal, since the city, which is the sole party defendant, is a political subdivision of the state, and hence, the cause ought to be transferred to the supreme court. We can not concur in this view. The substantial and only defendant is the fund belonging to the Mullanphy bequest. Recovery is sought out of that fund. The

petition states no facts from which it is inferable that the city exceeded or violated its obligations as trustee, or could in any event be held responsible individually, so to speak. The cases relied on by the plaintiff are cases in which the city had a substantial interest. We have never decided that a trustee who *contracts as such* is individually liable to one who contracts with him on the faith of the trust fund. The fifth point of the syllabus in *Hackman v. Maguire*, 20 Mo. App. 286, is misleading, and is not a correct abridgment of any part of the opinion in that case, as a careful reading of the opinion will at once disclose. The motion to transfer the cause to the supreme court is denied.

All the judges concur.